Jackie STOTT *v.* STATE of Arkansas

CA CR 01-1178                82 S.W.3d 170

Court of Appeals of Arkansas
Division II
Opinion delivered May 15, 2002

*David W. Talley, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was convicted of DWI, fourth offense, and of driving on a suspended license. He was sentenced to twenty-four months in the Arkansas Department of Community Punishment. This appeal followed.

For reversal, appellant contends that the evidence was insufficient to support his conviction of driving while intoxicated, and that the trial court erred in admitting evidence of the breathalyzer test result. We affirm.

On appeal from a criminal conviction, we review the sufficiency of the evidence prior to the consideration of trial errors. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984). We determine the sufficiency of the evidence by viewing the evidence adduced at trial in the light most favorable to the appellee, and the judgment is affirmed if there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence of sufficient force and character as to compel a conclusion one way or the other with reasonable and material certainty. *Id.*

Viewing the evidence, as we must, in the light most favorable to the appellee, the record reflects that Arkansas State Trooper Charles Watson noticed appellant standing in a yard, near appel-

lant's vehicle, talking to a young woman. Trooper Watson knew appellant's driver's license was suspended. Because Trooper Watson expected appellant to drive his vehicle illegally, he continued to observe. Appellant did enter his vehicle and begin to drive. Trooper Watson pursued appellant and stopped him immediately, appellant turning into a driveway two houses away from where he began driving. When Trooper Watson approached appellant, he noticed an odor of intoxicating beverages about his person and observed an open beer can in his vehicle. After administering field sobriety tests, Trooper Watson took appellant into custody and administered a breathalyzer test that indicated appellant's blood alcohol level was .207.

Arkansas Code Annotated § 5-2-403 provides, in pertinent part, that:

> (a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
>
> (1) Solicits, advises, encourages, or coerces the other person to commit it; or
>
> (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it; or
>
> (3) Having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.

The challenge to the sufficiency of the evidence in the present case is based on the unusual argument that the police officer was an accomplice to the appellant's offense because he testified that he "knew" the appellant was going to drive illegally when he first saw him, but failed to take immediate steps to prevent him from doing so. Thus, the argument goes, the police officer, having a duty to prevent the commission of all crimes, was an accomplice to appellant's crime; consequently, the evidence is insufficient because the only evidence against appellant was obtained from the police officer, an "accomplice" whose testimony must be corroborated for the evidence to be legally sufficient. We disagree.

■ ■ This precise issue has not yet arisen in Arkansas. However, cases from sister jurisdictions with similar statutory provisions regarding accomplice liability indicate that accomplice lia-

bility under subsection (a)(3) arises only when a person with the legal duty to prevent the commission of an offense fails to do so with the intent to promote or assist the commission of the offense. *See Porter v. State,* 570 So.2d 823 (Ala. Crim. App. 1990); *see also Powell v. United States,* 2 F.2d 47 (4th Cir. 1924); *see generally* W. LaFave and A. Scott, *Substantive Criminal Law* § 6.7 (1986). There is no indication in the present case that Trooper Watson intended to promote or assist the commission of the offense. Furthermore, it is indisputable that the police officer in the present case *did* prevent the commission of the crime by apprehending appellant soon after he began driving. There is a difference between *expecting* that a crime is about to be committed and *knowing* that a crime is about to be committed. Here the police officer acted with reasonable speed to stop the offense once he was certain that it was being committed, and he cannot be considered to be an accomplice.

Appellant also argues that the breathalyzer test should not have been admitted into evidence because, although Trooper Watson testified that he observed appellant in excess of the twenty-minute period required by Arkansas Department of Health, Arkansas Regulations for Alcohol Testing § 3.40 (1995 ed.), he could not say with certainty that his watch was synchronized with the timer on the breathalyzer machine. Thus, appellant asserts, the State failed to meet its burden of showing that the officer complied with the regulation requiring that the test subject be observed for twenty minutes prior to the administration of the breathalyzer test.

█ █ We find no error. The decision to admit evidence is within the trial court's discretion, and we will not reverse a trial court's ruling on the admission of evidence absent an abuse of that discretion. *McFerrin v. State,* 344 Ark. 671, 42 S.W.3d 529 (2001). The question in the present case is essentially one of the degree of credibility and weight to be afforded the officer's testimony that he observed appellant from 4:00 until 4:21. Given this testimony, the admission of the test result was within the trial judge's discretion.

Affirmed.

STROUD, C.J., and ROAF, J., agree.